UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD and JENNIFER LEWIS                           CIVIL ACTION

VERSUS                                               NO. 08-3645

LEXINGTON INSURANCE CO.                              SECTION "N"  (1)

**ORDER AND REASONS**

Before the Court is the Motion to Remand (Rec. Doc. 8), brought by Plaintiffs Richard and Jennifer Lewis. The motion is opposed. After reviewing the pleadings, the memoranda, and the applicable law, **IT IS ORDERED** that the motion is **DENIED**.

**I. BACKGROUND**

As set forth in the state court petition, Plaintiffs in this case carried a homeowner's insurance policy that was in effect when Hurricanes Katrina and Rita made landfall in 2005. Plaintiff brought suit in this Court to obtain payment under that policy, under Civil Action No. 06-4919. In September 2007, the parties reached a settlement and this Court issued an Order of Dismissal on the parties' motion. Checks dated September 9, 2007 were issued to Plaintiffs pursuant to the settlement, in the amounts of $40,539.47 and $4,577.07, respectively. The checks were set to expire 90 days after issuance and endorsements were required from several parties in order to negotiate them. Plaintiffs failed to obtain the required endorsements and the checks expired. They demanded that Defendant issue new checks, but Defendant has thus far failed to do so.

Plaintiff brought suit in the 34th Judicial District Court for the Parish of St. Bernard on April 28, 2008, stating claims under LA. REV. STAT. 22:658 and 22:1220 for failure to timely pay

a settled insurance claim. Defendant removed the case to the Eastern District on June 5, 2008.

## II. ANALYSIS

**A. Enforcement of the Prior Settlement or New Action?**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). Absent independent grounds for jurisdiction, a district court does not have jurisdiction over a suit to enforce a settlement agreement unless the order dismissing the suit either expressly incorporates the terms of the agreement or expressly retains jurisdiction over the agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

In the instant case, it is undisputed that the order of dismissal in the underlying case expressly retained jurisdiction over actions to enforce the settlement agreement. *See* Opp. at Ex. B. The question here, then, is whether the instant suit is one to enforce the settlement agreement, or a separate cause of action that must independently meet the jurisdictional requirements to be maintained in a federal court.

The Court concludes that the instant action is a separate suit. Reviewing the state court petition, Plaintiffs do not plead any breach of contract claim, nor do they pray that the Court enforce the settlement agreement. Instead, Plaintiffs bring claims pursuant to LA. REV. STAT.

22:658 and 22:1220, for failure to timely pay after a settlement agreement has been reduced to writing. *See* Compl. at ¶14-19. It is true that claims for bad-faith adjusting under these state statutes fail unless there is a successful underlying claim for breach of contract. *See Clausen v. Fidelity and Deposit Co.*, 660 So.2d 83 (La. App.1995), *writ denied*, 666 So.2d 320 (La. 1986). Thus, any factfinder making a determination of liability under these statutes will be required, in reaching a decision on the merits of the instant claim, to determine whether or not the underlying settlement agreement has been breached. But the factual overlap between these two questions does not convert a basic state-law tort claim into a claim to enforce a settlement agreement.

**B. Diversity Jurisdiction**

The above conclusion does not end the matter, however. Having determined that this is not an action to enforce the earlier agreement but a separate case, the Court must determine whether there is an individual basis for federal jurisdiction over the new case. Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1] Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence

---

[1] Diversity of the parties is not disputed here.

relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999); *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1335.

If a removing defendant shows that the amount in controversy is likely to exceed the jurisdictional minimum, the burden shifts to the plaintiff to show to a "legal certainty" that he or she will not be able to recover the jurisdictional amount. That burden can be met by: (1) showing state procedural rules binding plaintiff to his pleadings; or (2) filing a binding stipulation to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Based upon a review solely of the allegations in the state court petition in this matter, the Court determines that it is "facially apparent" that Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs. The two checks issued in this case and then allowed to lapse were for $40,539.47 and $4,577.07, respectively. *See* Compl. at ¶ 8. Thus, the measure of actual damages in this case will be $45,116.54. *See* LA. CIV. CODE art. 2315. However, Plaintiff also requests damages under the "special damages" provision of 22:1220, which may be assessed against an insurer in "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." LA. REV. STAT. 22:1220(C). If recoverable, such sums are to be considered by the Court in determining the amount of controversy. *See, e.g.*, *Manguno v.*

*Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ardoin v. Allstate Ins. Co.*, 2007 WL 97062, at *2 (E.D. La. 2007) (Vance, J.); *Bagneris v. State Farm Mut. Auto. Ins. Co.*, 1995 WL 683876, at *1 (E.D. La. 1995) (Carr, J.). Thus, the Court concludes that the actual damages claimed ($45,116.54) added to potentially recoverable special damages ($90,233.08, or twice actual damages) that may be recoverable in this case under 22:1220, yields an amount in controversy that far exceeds $75,000 exclusive of interests and costs. Plaintiffs have not shown to a legal certainty that the amount recoverable does not exceed $75,000, either through stipulation or through showing state procedural rules binding them to their pleading. Accordingly, the motion to remand is **DENIED.**

    New Orleans, Louisiana, this 19th day of November, 2008.

                                          _____
                                            **KURT D. ENGELHARDT**
                                            **UNITED STATES DISTRICT JUDGE**